```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                          Richmond Division
```

UNITED STATES OF AMERICA

v.                                              Criminal No. 3:08CR517

ALEX PINDEA-MENDEZ,

    Petitioner.

## MEMORANDUM OPINION

Alex Pindea-Mendez, a federal inmate, proceeding pro se, brings this MOTION TO VACATE, SET ASIDE AND CORRECT SENTENCE PURSUANT TO POST-CONVICTION RELIEF UNDER 28 U.S.C.A. § 2255. ("§ 2255 Motion," ECF No. 64.) The Government has moved to dismiss Pindea-Mendez's § 2255 Motion, asserting that it is untimely and lacks merit. (ECF No. 66.) Pindea-Mendez has responded. (ECF No. 67.) For the reasons set forth below, the § 2255 Motion is barred by the statute of limitations and will be DISMISSED.

### I.  PROCEDURAL HISTORY

On February 25, 2009, Pindea-Mendez pled guilty to illegal re-entry after deportation for an aggravated felony. (ECF No. 3.) On May 29, 2009, the Court sentenced Pindea-Mendez to 72 months of imprisonment. (ECF No. 13, at 1-2.) Pindea-Mendez appealed to the United States Court of Appeals for the Fourth Circuit. (ECF No. 15.) On July 1, 2010, the Fourth Circuit affirmed the judgment of this Court. (ECF Nos. 21, 22.)

Pindea-Mendez served his sentence and was placed on supervised release on March 31, 2014. (ECF No. 24, at 2.) On April 11, 2014, he was deported. (Id.) On July 3, 2015, he was arrested in Brownsville, Texas for illegal re-entry. (Id.) On July 22, 2014, the Government initiated proceedings to revoke Pindea-Mendez's supervised release. (Id. at 1.)

On October 20, 2016, the Court sentenced Pindea-Mendez to 24 months of imprisonment on his supervised release violation. (ECF No. 52, at 1.) The Court ordered that Pindea-Mendez sentence "be served consecutive to 1:15cr657 in the Southern District of Texas." (Id.) On May 3, 2017, the Fourth Circuit affirmed the revocation of Pindea-Mendez's supervised release. (ECF Nos. 60, 61.)

Pindea-Mendez subsequently filed this § 2255 Motion attacking his 2009 plea to illegal re-entry and his sentence. (ECF No. 64.) Pindea-Mendez contends, among other things, that his counsel "rendered ineffective assistance at the plea negotiations" with the Government, (id. at 4-6), and by not "requesting a downward variance," (id. at 6-9), and that the Court erred by considering his prior state conviction as an aggravated felony. (Id. at 11).

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year

2

period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Fourth Circuit affirmed this Court's 2009 judgment on July 1, 2010. (ECF Nos. 21, 22.) Because Pindea-Mendez did not seek a writ of certiorari, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, September 29, 2010, the last date to seek review at the Supreme Court. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when t[he] [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Hence, Pindea-Mendez had

3

until Thursday, September 29, 2011 to file a § 2255 motion challenging that conviction and sentence. Because Pindea-Mendez did not file his § 2255 Motion until October 27, 2017, the motion is untimely.[1]

Pindea-Mendez posits that the time for filing his § 2255 Motion began to run in 2017, after the Fourth Circuit affirmed the revocation of his supervised release. (ECF No. 64, at 3-4.) In other words, despite the fact that Pindea-Mendez challenges his original 2009 plea and sentence, and not the revocation of his supervised release, he attempts to use the date on which the latter event occurred to extend his time for filing a challenge to the former. (Id.) Pindea-Mendez does not cite any pertinent authority to support his position, nor has the Court discerned any authority through its own research that would support this position. But cf. United States v. Buffalohead, No. 8:06CR35, 2011 WL 1539930, at *1 (D. Neb. April 22, 2011)(Noting that the "triggering event" for 28 U.S.C. § 2255(f)(1) is "the date on which the judgment of *conviction* becomes final," and that the term "'[c]onviction' refers to the underlying case, rather than a judgment imposed as a result of a supervised release revocation.") (emphasis in original) (citation omitted).

---

[1] This is the date that Pindea-Mendez, who was incarcerated, indicated he mailed his 28 U.S.C. § 2255. (ECF No. 64, at 18). The Court deems Pindea-Mendez's § 2255 Petition to be filed as of this date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

4

Accordingly, Pindea-Mendez's § 2255 Motion is barred by the statute of limitations.

### III. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (ECF No. 66) will be GRANTED. Pindea-Mendez's § 2255 Motion (ECF No. 64) will be DISMISSED as untimely. The action will be DISMISSED. A certificate of appealability will be DENIED.

The Clerk is directed to send a copy of the Memorandum Opinion to Pindea-Mendez and counsel of record for the Government.

It is so ORDERED.

/s/
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 12, 2020